



# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 19, 1962

Honorable J. Albert Dickie
County Attorney
Coryell County
Gatesville, Texas

Dear Mr. Dickie:

Opinion No. WW-1316

Re: The legality of one
person being a constable
and also serving as an
alderman of an incor-
porated city.

You have requested an opinion relative to the legal-
ity of one person being a constable and also serving as an
alderman of an incorporated city. Your specific questions
are as follows:

"Can a constable receiving emolument
for that office also serve as an alderman
in an incorporated city located in the same
precinct where he serves as constable, if
he does not receive any emolument for
serving as such alderman?

"Is the office of constable and city
alderman incompatible, making the question
of serving in both capacities unconstitu-
tional, forcing a resignation of the former
upon election to the latter, regardless of
the question of emolument? If the answer
to this question is that they are incompat-
ible, then please ignore the next question.

"Where the constable receives emolu-
ment for that office and even though emolu-
ment is provided for by ordinance for city
alderman, such alderman is not in fact paid
such emolument, can the constable retain
the office of constable after elected alder-
man, if he does not receive emolument for
the office of alderman?"

Section 40 of Article XVI of the Constitution of
Texas reads in part:

"No person shall hold or exercise, at
the same time more than one civil office of
emolument. . . ."

Dual office holding is specifically forbidden by Section 40 of Article XVI of the Texas Constitution where both offices are civil offices of emolument. Dual office holding is forbidden to an extent, at least, by Section 33 of Article XVI wherein the accounting officers of the State are forbidden to issue or pay a warrant upon the Treasury for the payment of salary or compensation to a civil officer, who, at the same time, holds another office of honor, trust, or profit under the United States or the State of Texas.

In Graves v. M. Griffin O'Neil and Sons, 189 S.W. 778 (Civ.App. 1916), the Court held that Section 40 of Article XVI of the Constitution of Texas was not applicable to the office of alderman of the City of Tioga, stating:

". . .This contention is based upon that provision of our Constitution (section 40, article 16) which prohibits any person from holding in this state at the same time more than one civil office of emolument. The answer to this contention, if there be no other, is that the office of alderman of the city of Tioga is not an office of emolument, and the provisions of the Constitution referred to has no application. The statute under which the city of Tioga is incorporated provides no salary for alderman and none is provided by ordinance of said city, so far as is disclosed by the record before us. . . ." (Emphasis added)

In answer to your first question, therefore, you are advised that the constitutional prohibition against the holding of more than one office of emolument is inapplicable under the facts stated in your first question for the reason that no salary for alderman is provided by statute or city ordinance. Likewise, Section 33 of Article XVI is not violated for the reason that neither a constable nor an alderman is to be paid out of the State Treasury. Attorney General's Opinions V-242 (1947), and V-883 (1949).

It is also a fundamental rule of law that one person may not hold at one time two offices the duties of which are incompatible, and this rule applies whether the office is named in the exceptions contained in Article XVI, Section 40. Attorney General's Opinion V-242 (1947).

We have considered the respective duties encumbent upon a constable and an alderman of an incorporated city and we can conceive of no basis upon which it may be said that the offices are incompatible; therefore, in answer to your second question you are advised that the office of constable and the office of city alderman are not incompatible.

In answer to your third question, if emolument is provided for by ordinance for the city alderman such office would then constitute an office of emolument the same as the office of constable constitutes an office of emolument. In such event Section 40 of Article XVI would prohibit one person from holding both offices, even though the individual involved is not in fact paid the emolument provided for by ordinance. Therefore, in answer to your third question, if emolument is provided for by ordinance for a city alderman Section 40 of Article XVI of the Constitution of Texas will prohibit one person from holding both offices.

### SUMMARY

One person may hold at the same time both the offices of constable and city alderman if no emolument is provided for the office of city alderman by statute or ordinance. The office of alderman and the office of constable are not incompatible. In the event emolument is provided by ordinance Section 40 of Article XVI of the Constitution will prohibit one person from holding both offices at the same time, even though the person attempting to hold such offices is not in fact paid the emolument provided by ordinance.

Yours very truly,

WILL WILSON
Attorney General of Texas

By: John Reeves
Assistant

JR:wb:zt:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Grundy Williams
Bob Shannon
Frank Booth
REVIEWED FOR THE ATTORNEY GENERAL
BY: Houghton Brownlee, Jr.